# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:19-cr-46 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| JAMAAL PARKER, ) | |
| also known as "MAAL," ) | Magistrate Judge Susan K. Lee |
| also known as "MONEYMALL" ) | |

## ORDER

Before the Court is Defendant Jamaal Parker's motion to suppress (Doc. 145). United States Magistrate Judge Susan K. Lee held an evidentiary hearing on the motion on November 25, 2019 (*see* Doc. 187), and filed a report and recommendation, recommending that the Court deny Defendant's motion to suppress (Doc. 194). Defendant filed a motion for an extension of time to object to the report and recommendations (Doc. 200), to which the Government did not object. On January 9, 2020, Defendant filed objections to Magistrate Judge Lee's report and recommendation (Doc. 204), and the Government responded to Defendant's objections on January 22, 2020 (Doc. 207).

The Court has conducted a *de novo* review of the record as it relates to Defendant's objections and, for the following reasons, will: (1) **GRANT** Defendant's motion for extension of time to file objections to the report and recommendation (Doc. 200); (2) **OVERRULE** Defendant's objections to the report and recommendation (Doc. 204); (3) **ACCEPT** and **ADOPT** the report and recommendation (Doc. 194); and (4) **DENY** Defendant's motion to suppress (Doc. 145).

## I.　BACKGROUND

Defendant does not dispute the "Factual Background" as reflected in Magistrate Judge Lee's report and recommendation, but objects to certain legal conclusions therein. (Doc. 204, at 1.) After reviewing the record before the Court and finding the facts to be consistent with Magistrate Judge Lee's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the report and recommendation. (Doc. 194, at 2–7.); *see, e.g.*, *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013). Defendant's objections to the report and recommendation are now ripe for review.

## II.　STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). *De novo* review does not, however, require the district court to rehear witnesses whose testimony has been evaluated by the magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). The magistrate judge, as the factfinder, has the opportunity to observe and to hear the witnesses and to assess their demeanor, putting her in the best position to determine credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir. 1999). A magistrate judge's assessment of witnesses' testimony is therefore entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003); *see also United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999).

Additionally, although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Defendant's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich.

2

2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.*

### III. ANALYSIS

Defendant objects to the following in the report and recommendation: (1) Magistrate Judge Lee's finding that Trooper Ramsey had a constitutionally permissible basis for initiating a traffic stop; (2) Magistrate Judge Lee's finding that Defendant "was not seized until subdued by Trooper Ennis after the vehicle and foot chase"; and (3) Magistrate Judge Lee's finding that the collective knowledge of law enforcement officers constituted probable cause to search Defendant's vehicle. (Doc. 204, at 1–4.)

#### A. Trooper Ramsey's Basis for Attempting to Initiate a Traffic Stop

In his objections to Magistrate Judge Lee's report and recommendation, Defendant argues that Magistrate Judge Lee "erroneously credited the collective knowledge doctrine" as the basis for Trooper Ramsey's attempted stop of Defendant, because the testimony at the suppression hearing shows that he "was kept in the dark about additional reasonable suspicion" of Defendant's cocaine possession. (Doc. 204, at 2–3.) But, in addition to the collective-knowledge doctrine, Magistrate Judge Lee found that Ramsey possessed a constitutionally valid basis for initiating a traffic stop based on his observation that Defendant's windows likely violated Georgia's window-tint laws and based on his observation that Defendant followed another vehicle too closely in violation of Georgia's traffic laws. (Doc. 194, at 12–13.) As Magistrate Judge Lee correctly explained, Ramsey credibly testified to facts showing probable

3

cause for an attempted traffic stop. (*Id*.) To the extent Defendant takes issue with the credibility of Ramsey's testimony regarding his basis for attempting a traffic stop, Magistrate Judge Lee, as the fact finder at the evidentiary hearing, was in the best position to evaluate Ramsey's credibility based on the totality of his testimony. *See Irorere*, 69 F. App'x at 236; *Navarro-Camacho*, 186 F.3d at 705. Based on the Court's *de novo* review of the record, Defendant has not identified a sufficient basis to find that Ramsey's testimony was not credible or that Magistrate Judge Lee incorrectly concluded that Ramsey lacked probable cause for his attempted stop of Defendant.

### B. Moment of Seizure

Defendant also argues that the magistrate judge incorrectly concluded he was not seized until subdued by Trooper Ennis after the vehicle and foot chase. (Doc. 204, at 1–2.) Instead, Defendant contends that he was seized when Trooper Ramsey pulled him over and he stopped on the shoulder, even though he ultimately fled in his vehicle when Ramsey approached and asked him to roll his windows down. (*Id*.)

A suspect is "seized" for the purposes of the Fourth Amendment "where an officer applies physical force to restrain the suspect or a show of authority has in some way restrained the liberty of the citizen." *United States v. Ray*, 597 F. App'x 832, 837 (6th Cir. 2015) (quoting *United States v. Jeter*, 721 F.3d 746, 751–51 (6th Cir. 2013)) (alterations and internal quotation marks omitted). No seizure occurs in the absence of physical force or submission to the assertion of authority. *Id.* In *Ray*, the Sixth Circuit found that no seizure had occurred when, after an officer activated his lights and siren, the defendant stopped his car on the wrong side of the road, waited for the officer to approach the driver's side door, and then got out of the car and fled on foot. *Id.* The court determined that, although Defendant had pulled over and stopped his

car, "a Fourth Amendment seizure did not occur because [he] did not submit to the police officers' show of authority." *Id.*

The Court has conducted a *de novo* review of the record and agrees with Magistrate Judge Lee's well-reasoned conclusion that, because Defendant fled before submitting to Trooper Ramsey's show of authority, a seizure did not occur until Trooper Ennis physically subdued Defendant after the vehicle and foot chase. (*See* Doc. 194, at 9–15.)

### C. Vehicle Search

Finally, Defendant argues that Magistrate Judge Lee erred in finding that the collective knowledge of law enforcement supported a finding of probable cause to search Defendant's vehicle. (Doc. 204, at 4.) Specifically, Defendant contends that law enforcement had not confirmed that he possessed cocaine prior to the vehicle search. (*Id.*) Defendant also appears to argue that Lieutenant Chapeau of the Georgia State Police likely conducted the search of the vehicle while Ramsey and Ennis apprehended Defendant and that he cannot rely on the collective-knowledge doctrine as the basis for his search because he did not know about Defendant's drug possession. (*Id.*)

Again, the Court has conducted a *de novo* review of the record and agrees with Magistrate Judge Lee's well-reasoned conclusions. As Magistrate Judge Lee correctly explained, for the purposes of the collective-knowledge doctrine, "we impute collective knowledge among multiple law enforcement agencies, even when the evidence demonstrates that the responding officer was wholly unaware" of the specific relevant facts. (Doc. 194, at 24 (quoting *United States v. Lyons*, 687 F.3d 754, 766 (6th Cir. 2012)). And, as detailed in the report and recommendation, the Drug Enforcement Administration ("DEA") possessed more than sufficient information before the stop to establish probable cause that Defendant's truck

contained evidence of drug-trafficking activity, especially when considered in connection with Defendant's subsequent flight.  As a result, the responding officers, even if unaware of the knowledge obtained by the DEA, did not violate the Fourth Amendment by searching Defendant's truck.

## IV. CONCLUSION

For the reasons stated herein, the Court:

1. **GRANTS** Defendant's motion for extension of time to file objections to the report and recommendation (Doc. 200);

2. **OVERRULES** Defendant's objections to Magistrate Judge Lee's report and recommendation (Doc. 204);

3. **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 194); and

4. **DENIES** Defendant's motion to suppress (Doc. 145).

**SO ORDERED.**

                                                     */s/Travis R. McDonough*
                                                    **TRAVIS R. MCDONOUGH**
                                                    **UNITED STATES DISTRICT JUDGE**