# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:24-cv-381 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| JAMAAL PARKER ) | |
| ) | Magistrate Judge Michael J. Dumitru |
| ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Jamaal Parker's motion to vacate his sentence pursuant to 28 U.S.C. § 2255(f) (Doc. 1; Doc. 484 in Case No. Case No. 1:19-cr-46). For the following reasons, Petitioner's motion (*id*.) will be **DENIED**.

## I. BACKGROUND

On June 8, 2022, a jury found Petitioner guilty of:

1. Conspiracy to distribute cocaine and crack (21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 21 U.S.C. § 846);

2. Maintaining a place for the purposes of distributing cocaine and crack cocaine (21 U.S.C. § § 856(a)(1), 856(b), and 18 U.S.C. § 2); and

3. Possessing a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)).

(*See* Docs. 419, 455 in Case No. 1:19-cr-46.)[1]

At Petitioner's sentencing hearing, the Court calculated his guidelines range to be 188–235 months imprisonment. (*See* Doc. 457, at 12 in Case No. 1:19-cr-46.) The Court noted that with the 60-month mandatory minimum sentence for the § 924 conviction, Petitioner's effective guideline range was 248–295 months. (*Id*.) The Court imposed a within-guidelines sentence of

---

[1] The jury found Defendant not guilty of money laundering. (*See* Doc. 419.)

290 months; 230 months for each cocaine-distribution charge, to be run concurrently, and 60 months for the gun charge, to be run consecutively. (*See* Doc. 455 at 2; Doc. 457, at 41, 46–47 in Case No. 1:19-cr-46.)

Petitioner's counsel, Howard Anderson timely filed a notice of appeal, challenging "both the procedural and substantive reasonableness of [Petitioner's] sentence." (Doc. 476, at 15 in Case No. 1:19-cr-46.) Anderson argued that the Court had "failed to address several mitigation arguments," including that Petitioner's § 924 mandatory minimum sentence would make his overall sentence unusually harsh. (*Id.* at 16.) The Sixth Circuit rejected Petitioner's argument and affirmed the judgment of the Court. (*See id.* at 17.) On May 3, 2024, Anderson filed a petition for certiorari with the Supreme Court. (*See* Doc. 480 in Case No. 1:19-cr-46.) The Supreme Court denied certiorari on June 10, 2024. (*See* Supreme Court Case No. 23-7398.)

On December 9, 2024, Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255(f). (Doc. 1.) Petitioner argues that his counsel was ineffective because he "fail[ed] to file a petition for certiorari to the United States Supreme Court in light of *Dean v. United States*, 581 U.S. 62 (2017), which authorized district courts to consider the harshness of § 924(c)'s mandatory minimum sentences when determining sentences on other counts." (*Id*. at 14.) The Government opposes Petitioner's motion. (Doc. 4.)

II.     **STANDARD OF LAW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and

establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). "[A] conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). In the case of defendants who file a direct appeal but do not file a petition for certiorari with the Supreme Court "[Section] 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003)

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v.*

*United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

## III. ANALYSIS

Petitioner sets out only one ground for vacating his sentence: ineffective assistance of counsel in preparing his petition for certiorari.[2] (*See* Doc. 1, at 15.)

The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This includes the right to counsel both "at trial and on direct 'first tier' appeal." *Nichols v. United States*, 563 F.3d 240, 248 (6th Cir. 2009) (citing *Halbert v. Michigan*, 545 U.S. 605, 610 (2005)). However, "the Constitution does not entitle a defendant to the assistance of counsel for a *discretionary* appeal (e.g., *a petition for certiorari*)." *Id.* (emphasis added). Because a defendant has no right to counsel in preparing a petition for certiorari, "counsel's performance at [the petition for certiorari] stage cannot be constitutionally ineffective." *Harper v. United States*, 792 F. App'x 385, 391 (6th Cir. 2019). As a result, "an alleged error by counsel in the filing of [a] petition [for certiorari] does not raise a constitutional claim and is thus not

---

[2] Petitioner's § 2255 petition was timely filed, as the Government acknowledges. (*See* Doc. 1; Doc 4, at 2.)

cognizable under § 2255." *Ajan v. United States*, No. 2:02-CR-71, 2009 WL 1421183, at *18 (E.D. Tenn. May 20, 2009).

Here, Petitioner argues that his counsel was deficient because he failed to raise a specific argument in Petitioner's petition for certiorari. (Doc. 1, at 14–15.) However, even if failure to raise this issue was an error, Sixth Circuit precedent makes clear that counsel's performance in preparing a petition for certiorari cannot, as a matter of law, be a constitutional error. *See Nichols*, 563 F.3d at 248 ("[W]here there is no constitutional right to counsel there can be no deprivation of effective assistance") (citation and internal quotations omitted). Because Petitioner was not entitled to counsel in preparing his petition for certiorari, he has not shown any constitutional violation.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate his sentence (Doc. 1; Doc. 484 in Case No. 1:19-cr-46) is **DENIED**. This action will be **DISMISSED WITH PREJUDICE**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

5

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**